

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00093-CV

---

AUTHOR J. MANNING, JR., Appellant

V.

ATTORNEY GENERAL OF TEXAS, Appellee

---

On Appeal from the 307th District Court
Gregg County, Texas
Trial Court No. 2001-1995-DR

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

On November 15, 2024, Author J. Manning, Jr., proceeding pro se, filed a notice of appeal, attempting to appeal a 2001 paternity order and a 2001 child support order. Upon our review of Manning's filing, we noted a potential defect in the Court's jurisdiction over this appeal.

Section 11.102(a) of the Texas Civil Practice and Remedies Code provides that "[a] vexatious litigant subject to a prefiling order under Section 11.101 is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of" "the local administrative judge." TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(a). Although the clerk of this Court "may file an appeal from a prefiling order," the clerk "may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing." TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a), (d).

The 114th Judicial District Court of Smith County issued its order in trial court cause number 24-0854-C/B, styled *Author Manning, Jr. v. Nintendo, et al.*, on April 16, 2024, prohibiting Manning from filing any new litigation in a court of this State without first obtaining permission from a local administrative judge. *Author Manning, Jr. v. Nintendo, et al.*, No. 24-0854-C/B (114th Jud. Dist. Ct. Smith Cnty. April 16, 2024), available at https://www.txcourts.gov/media/1459730/author-manning-jr-apr-2024.pdf; *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101–.103.

By letter dated November 21, 2024, we notified Manning of this potential defect in our jurisdiction and afforded him the opportunity to show this Court how it had jurisdiction over this appeal. We further informed Manning that the failure to respond by December 11, 2024, would result in dismissal of this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Having received no response from Manning, we conclude that this appeal is ripe for dismissal.

We dismiss this appeal for want of jurisdiction.[1]


Charles van Cleef
Justice

Date Submitted:     December 17, 2024
Date Decided:     December 18, 2024

---

[1]In light of our disposition of this appeal, we deny all pending motions in this matter.